307 A.2d 770.

NATIONAL CAR RENTAL SYSTEM, INC. *vs.*
FRANCIS J. FAZZANO, *Director of Transportation, et al.*

JULY 20, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

Roberts, C. J. This civil action was brought by National Car Rental System, Inc. (National) to enjoin the Director of Transportation, the Assistant Director of Transportation for Airports, and the State Purchasing Agent from opening bids for car rental concessions at the Theodore Francis Green Airport in Warwick. A justice of the Superior Court, after hearing, denied both preliminary and permanent injunctions, and National is now prosecuting an appeal from the judgment denying the injunctive relief.

National is a Nevada corporation which operates car rental concessions throughout the world. At the time this action was brought, it had car rental concessions in almost every major airport in the United States, including Green Airport. National advertises nationwide by newspaper, magazine, radio, television, and through tie-in promotions with airlines and railway systems. It accepts all major credit cards. As part of its service, National allows a customer to pick up an automobile at any one of its concessions and return it to any of its other concessions.

Green Airport is subject to the direction and supervision of the Department of Transportation, and the Department has imposed a limit of three car rental concessions at Green Airport. In the opinion of the Department, the available facilities, the probable business volume, and the space required for the storage, pick-up and drop-off of automobiles limited the reasonable capacity of the airport to no more than three concessions.

In October, 1971, the Department distributed bid proposals to several rental car companies, inviting them to

bid for the three car rental concessions at the airport. The following provision was contained in each bid proposal:

"Upon the terms and conditions hereinafter set forth, the State, acting through its Department of Transportation, will grant two (2) concessions for the conduct of car rental activity at the Theodore Francis Green State Airport to operators whose scope of activity is national in character which are not operated under a franchise agreement and which are owned, managed and operated by a national car rental company, and one (1) concession to an operator, who may or may not be a franchise operator, which is owned, managed and operated by a Rhode Island car rental company, for a total of three (3) car rental concessions.

"One will be awarded to the highest and best bidder whose operation is national in scope, one will be awarded to the second highest and best bidder whose operation is national in scope, and one will be awarded to the highest and best bidder whose operation is local in scope."

The bids were to be opened on November 2, 1971. On November 1, 1971, National brought this action, alleging that the limitation of two national car rental operators was an invidious classification in violation of the equal protection clause of the fourteenth amendment of the United States Constitution.

Albert R. Tavani, Assistant Director of the Department of Transportation for Airports, testified in the lower court that a national operator was a company that had concessions in most major airports, that provided a toll-free reservation service, that allowed a customer flying from one city to another to reserve an automobile at his point of departure, and that allowed a customer to return a rented car to any one of the company's other concessions. A local company was defined as one which had its principal place of business in Rhode Island and, in most cases, one which did not provide for toll-free reservations or the

privilege of dropping a rented automobile off at a point other than the concession where it was rented. Thus, if one rented an automobile from a concession at Green Airport, he would have to return it there when he no longer needed it.

Mr. Tavani testified further that his department had conducted destination surveys which indicated that "* * * a very respectable per cent of people who come through Green Airport as a terminus have local business." These travelers arrive at Green Airport, conduct their business within 30 miles of the airport, and then leave the area from Green Airport. Mr. Tavani pointed out that the rationale behind the national/local classification was to offer these travelers a choice of service. Since the local operator had lower overhead because he did not offer as wide a range of services as the national operator, Mr. Tavani felt that the local operator could offer the traveler who did not need an intercity drop-off a more economical rate. In fact, the record indicates that the rates charged by a local operator, Keystone Auto Leasing, Inc., doing business as Budget Rent-a-Car of Providence, were lower than those charged by National.

The trial justice found that the categorization of the concessions into local and national had a rational basis, and he concluded that such a classification did not constitute invidious discrimination by the Department against National. He felt that the categorization was adopted in good faith "* * * for a purpose designed to benefit that segment of the traveling public who desire to drive a rented automobile only within the immediate vicinity of the area or within the general area of Rhode Island with an intent to return the automobile to the point of pick-up."

The United States Supreme Court has held that the equal protection clause of the fourteenth amendment permits the states wide latitude in enacting laws which affect

some groups of citizens differently than others.[1] "The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. * * * A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan* v. *Maryland,* 366 U.S. 420, 425-26, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 399 (1961). In the instant case we are not dealing with a state statute but with a classification established in a bid proposal by the Assistant Director of Transportation for Airports.[2] In our opinion, this distinction does not alter the rule that sustains a classification if it has a reasonable relation to a legitimate state objective. *See Railway Express Agency, Inc.* v. *New York,* 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949).[3]

The trial justice concluded that the Department limited the number of concessions available to national operators because a local operator could charge less for the rental service. The Department's survey demonstrated that a "very respectable" percentage of travelers come through Green Airport for local business only. In light of this, the Department made the judgment that a local operator, not burdened by the overhead expenses required for such services as toll-free reservations and intercity drop-offs, could

[1]For an extended discussion of the federal cases dealing with the question of whether classification is violative of the equal protection clause of the fourteenth amendment, see *Imperial Car Rental Corp.* v. *Lussier,* 97 R.I. 168, 196 A.2d 728 (1964).

[2]General Laws 1956, §1-2-7, as amended by P.L. 1966, ch. 241, §1, in conjunction with G.L. 1956 (1969 Reenactment) §§37-7-9 and 42-13-2, as amended by P.L. 1972, ch. 164, §1, authorizes the Department of Transportation through the Assistant Director for Airports to grant concessions at any airport operated by the state.

[3]In that case a traffic regulation promulgated by the New York City Police Commissioner withstood a challenge that it violated the equal protection clause of the fourteenth amendment because the court found that the regulation bore a reasonable relation to the city's traffic problem.

provide car rentals for these travelers at a lower cost than the national operators.

The classification imposed in the bid proposal furthers a valid state objective by providing a range of car rental services which would be available to the various types of travelers that use Green Airport. Thus, there will be two national operators available to travelers who desire to avail themselves of a toll-free reservation system and the privilege of returning the car to a concession located in another city or airport. The third car rental agency will be available to travelers who are not in need of these extra services or are willing to forego them in order to obtain a less expensive rental.

The State of Rhode Island, through its operation of Green Airport, has demonstrated an intention to provide a comprehensive transportation system not only as a benefit to those people who use the airport but as a fundamental part of the state's economic structure. An integral component of such a transportation system is the car rental services at the airport. The Assistant Director of Transportation for Airports concluded that it would be preferable to have at the airport as wide a range of car rental service as possible. To accomplish this end, he set aside two concessions for national operators and one for local operators. In our opinion, such a classification is rational and in furtherance of a legitimate state objective. *See Imperial Car Rental Corp.* v. *Lussier,* 97 R.I. 168, 196 A.2d 728 (1964).

The complainant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

Mr. Justice Joslin did not participate.

*John F. McDonough, John F. Sheehan,* for plaintiff.

*Richard J. Israel,* Attorney General, *W. Slater Allen,* Asst. Attorney General, for defendants.